PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 11/18/96** TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

                       No. 96-2053

PATRICK DAVID TRUJEQUE,

    Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-95-1570-SC)

Patrick David Trujeque, pro se, El Paso, Texas, Defendant-Appellant.

Fred J. Federici, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief), Las Cruces, New Mexico, for Plaintiff-Appellee.

Before BRORBY, EBEL, and HENRY, Circuit Judges.

HENRY, Circuit Judge.

    Defendant Patrick D. Trujeque appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 488 to the United States Sentencing Guidelines (U.S.S.G.) entitles him to a shorter term of imprisonment than the

eighty-four months he received. The district court denied Mr. Trujeque's motion because his sentence was below or within the range calculated by Mr. Trujeque under the amended guidelines. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and conclude that, because Mr. Trujeque entered a plea agreement specifying a term of imprisonment pursuant to Fed. R. Crim. P. 11(e)(1)(C), he may not seek a reduction in his sentence via 18 U.S.C. § 3582(c)(2). We therefore remand with instructions for the district court to dismiss Mr. Trujeque's motion.[1]

## I. BACKGROUND

Mr. Trujeque was indicted by a grand jury on four counts: (1) conspiracy to possess with the intent to distribute more than ten grams of Lysergic Acid Diethylamide (LSD) in violation of 21 U.S.C. § 846; (2) possession with the intent to distribute more than ten grams of LSD in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 18 U.S.C. § 2; (3) distribution of more than 10 grams of LSD in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2; and (4) use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. Pursuant to a plea agreement, Mr. Trujeque pleaded guilty to an information charging him

---

[1]After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

with maintaining a place for the purpose of manufacturing, distributing, and using LSD in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. The plea agreement provided, inter alia, that the government would move for the dismissal of the four counts contained in the indictment and that the government and Mr. Trujeque agreed to a specific sentence of eighty-four months' imprisonment pursuant to Fed. R. Crim. P. 11(e)(1)(C). See Rec. supp. vol. I, doc. 96, at 1-2 (Memorandum of Understanding Regarding Guilty Plea).

Subsequently, Mr. Trujeque filed a motion to reduce the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2). He argued that the November 1, 1993 retroactive amendment of U.S.S.G. § 2D1.1(c), known as Amendment 488, would result in a sentence less than the eighty-four months' imprisonment he had received. The district court denied Mr. Trujeque's motion sua sponte reasoning that "[d]efendant's sentence of 84 months . . . is below or within the guidelines even by his own calculations under the Amendment."[2] Rec. vol. I, doc. 3, at 2. Mr. Trujeque now appeals the district court's

---

[2]Amendment 488 adds the following paragraph to U.S.S.G. § 2D1.1(c): "In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table." It also amends the accompanying commentary.

Under Amendment 488, Mr. Trujeque's base offense level would be twenty-eight instead of thirty-two because the 10,762 units of LSD would be presumed to weigh 4.3048 grams (10,762 units multiplied by 0.4 mg). See U.S.S.G. § 2D1.1(c)(6). A two level increase for being an organizer, leader, manager, or supervisor of the overall offense, see U.S.S.G. § 3B1.1(c), and a two level decrease for accepting responsibility, see U.S.S.G. § 3E1.1(a), would offset, leaving Mr. Trujeque with an offense level of twenty-eight. Combined with his criminal history category of I, Mr. Trujeque's applicable sentencing range would be seventy-eight to ninety-seven months. See

3

denial of his motion.  The district court's ruling raises legal issues that we review de novo.  See United States v. Phommachanh, 91 F.3d 1383, 1385 (10th Cir. 1996).

## II.  DISCUSSION

We must first address the government's contention that we lack jurisdiction to review Mr. Trujeque's sentence.  The government is correct in its assertion that federal courts lack jurisdiction to review a Rule 11(e)(1)(C) sentence where a prisoner claims that his Rule 11(e)(1)(C) sentence is greater than the sentence range specified in the applicable guidelines.  See 18 U.S.C. § 3742(c)(1); United States v. Denogean, 79 F.3d 1010, 1013-14 (10th Cir. 1996), cert. denied, 65 U.S.L.W. 3260 (1996); United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th Cir. 1994).  However, this is not a direct appeal of Mr. Trujeque's sentence, nor is it a collateral attack under 28 U.S.C. § 2255.  Rather, Mr. Trujeque has filed a motion under 18 U.S.C. § 3582(c)(2), and the viability of his motion depends entirely upon that statute.  Our appellate jurisdiction over final decisions extends as far as to consider the district court's denial of Mr. Trujeque's § 3582(c)(2) motion.  See 28 U.S.C. § 1291.

---

U.S.S.G., Ch. 5, Pt. A (Sentencing Table).  Mr. Trujeque also argues that he should have received an additional one level deduction for accepting responsibility, see U.S.S.G. § 3E1.1(b), and should not have received an increase for being an organizer.

Because we hold that Mr. Trujeque's sentence is based on his Rule 11(e)(1)(C) plea agreement and that his § 3582(c)(2) motion should be dismissed, we do not address his arguments or the district court's holding regarding the calculation of his sentencing range.

Section 3582(c)(2) provides, in relevant part, as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment <u>based on</u> a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

After accepting Mr. Trujeque's plea of guilty to a violation of 21 U.S.C. § 856 and 18 U.S.C. § 2, the district court made the following findings: "The court finds that the offense level is 18 and the criminal history category is I, establishing a guideline imprisonment range of 27 to 33 months. However, pursuant to Federal Rules of Criminal Procedure, Section 11(e)(1)(C), [sic] the stipulated sentence is 84 months." Rec. vol. III, at 41.[3] The district court then sentenced Mr. Trujeque to eighty-four months.

These facts establish that Mr. Trujeque's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," <u>see</u> 18 U.S.C. § 3582(c)(2). Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement. Thus, the district court should have dismissed Mr. Trujeque's motion without considering its merits.

---

[3]Although the district court erroneously stated Mr. Trujeque's base offense level and sentencing range under the Guidelines, <u>see</u> Aple's Br. at 8 n.5, this is immaterial to our analysis as it is clear that the district court was relying on the Rule 11(e)(1)(C) agreed upon sentence and not the Sentencing Guidelines.

We remand this case to the district court with instructions to dismiss Mr. Trujeque's motion.