**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

CESAR NUNEZ-RIOS,

        Defendant - Appellant.

No. 02-2177
(D.C. No. CIV-01-538 JC/LCS
& CR-01-648 JC)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Cesar Nunez-Rios appeals the denial of his motion for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

For the following reasons, we remand the case with instructions for the district court to dismiss defendant's motion.

Defendant pleaded guilty to reentering the United States illegally as a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326. Ordinarily, a defendant pleading guilty to § 1326 is sentenced pursuant to § 2L1.2 of the United States Sentencing Guidelines. In his plea agreement, however, defendant accepted a term of imprisonment pursuant to Fed. R. Crim. P. 11, which allows the government and a criminal defendant entering a guilty plea to "agree that a specific sentence is the appropriate disposition of the case." Fed. R. Crim P. 11(e)(1)(C). Pursuant to this rule, defendant accepted a sentencing guideline offense level of seventeen, resulting in a sentencing range of thirty-seven to forty-six months in prison. Defendant did not object to the presentence report and on August 27, 2001, he was sentenced to thirty-seven months in prison and three years of supervised release. Defendant did not appeal.

On November 1, 2001, the Sentencing Commission adopted Amendment 632 to the Sentencing Guidelines, which amended § 2L1.2's aggravated-felony enhancement for unlawful reentry to provide for a graduated increase of eight to sixteen levels according to the seriousness of the aggravated felony. *See* USSG Supp. to App. C at 217 (2002); USSG § 2L1.2(b) (2002). Defendant subsequently

-2-

moved to modify his sentence under 18 U.S.C. § 3582(c)(2), arguing that

Amendment 632 retroactively lowered the authorized term of his imprisonment.

The district court denied the motion on the merits, concluding that Amendment

632 could not be retroactively applied to defendant's sentence. We review the

district court's determination de novo. *See United States v. Smartt,* 129 F.3d 539,

540 (10th Cir. 1997).

"Because [defendant's] motion for sentence reduction is not a direct appeal

or a collateral attack under 28 U.S.C. § 2255, the viability of his motion depends

entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation omitted). That section provides,

in relevant part, that

> [t]he court may not modify a term of imprisonment once it has been
> imposed except that . . . in the case of a defendant who has been
> sentenced to a term of imprisonment *based on a sentencing range*
> *that has subsequently been lowered by the Sentencing Commission*
> pursuant to 28 U.S.C. § 994( *o*), upon motion of the defendant . . . the
> court may reduce the term of imprisonment, after considering the
> factors set forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). In light of the statutory language

italicized above, this court has held that a defendant who enters into a valid plea

agreement pursuant to Fed. R. Crim. P. 11(e)(1)(C) "may not seek a reduction in

his sentence via 18 U.S.C. § 3582(c)(2)." *United States v. Trujeque,* 100 F.3d

869, 869 (10th Cir. 1996). In *Trujeque,* the district court denied the defendant's

motion on the merits, reasoning that his sentence would be unaffected by the retroactive application of an amendment to the Sentencing Guidelines. [1] On appeal, we held that "[defendant's] sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement." *Id.* at 871 (citation and quotation omitted). We concluded that "the district court should have dismissed [defendant's] motion without considering its merits," *id.*, and we remanded the case to that court for dismissal.

In the present case, defendant's term of imprisonment was also based on a sentencing range that he agreed to accept under Rule 11(e)(1)(C). Therefore, defendant's motion to reduce his sentence was precluded by clear language of

---

[1]     As in *Trujeque,* retroactive application of the amendment in the present case would not affect the length of defendant's sentence in any event. Under the former version of § 2L1.2, a defendant previously deported after any aggravated felony was subject to a sixteen-level increase in the Guideline's base offense level. Amendment 632 "provid[es] a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant." USSG Supp. to App. C at 219 (Nov. 1, 2002). In the present case, defendant was initially given the sixteen-level enhancement pursuant to § 2L1.2 for a prior drug trafficking conviction which resulted in a four-year prison sentence. The amended version of that section continues to apply a sixteen-level increase for a prior drug trafficking felony resulting in a sentence exceeding thirteen months. Thus, even in the absence of a valid Rule 11(e)(1)(C) plea agreement, we would not reach the merits of the issues defendant raises on appeal concerning the retroactive application of Amendment 632 to his particular sentence. *See Griffin v. Davies,* 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

§ 3582(c)(2), and the district court should not have ruled on the motion's merits. Accordingly, we REMAND this case to the district court with instructions to dismiss defendant's motion. In light of this disposition, the appeal is concluded.

Entered for the Court

Monroe G. McKay
Circuit Judge