**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ARTURO FIGUEROA-BANUELLOS,
also known as Gonzaga Gonzalez-
Andrade,

        Defendant - Appellant.

No. 04-2018

(D.C. No. CR-03-1662-JC)

(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously to honor the parties' request for a decision on the briefs

without oral argument. See Fed. R. App. P. 34(f). The case is therefore ordered

submitted without oral argument.

On August 26, 2003, a federal grand jury returned a two-count indictment

against Defendant. Count I charged Defendant with violation of 8 U.S.C. §§

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1326(a)(1), (2), and (b)(2), for being an alien found in the United States after having been convicted of an aggravated felony and deported. Count II charged Defendant with being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). On October 31, 2003, pursuant to an agreement with the Government, Defendant pleaded guilty. Defendant filed a motion for downward departure from the federal sentencing guideline range. The district court denied the motion and sentenced Defendant pursuant to the lowest end of the guideline range to a term of eighty-four months in prison. Because Defendant indicated that he wished to appeal issues related to ineffective assistance of counsel, his trial counsel was permitted to withdraw and present counsel was appointed.

On appeal, Defendant argues that his trial counsel was ineffective in failing to cite specific authority in his downward departure motion.[1] We have previously stated that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States

---

[1]Defendant raised several other issues for review on appeal which counsel submitted pursuant to the mandate of Anders v. California, 386 U.S. 738 (1967). Aplt. Br. at 2, n.1. We are also in receipt of Defendant's pro se submission in support of his additional claims. We express no opinion on the merit of any of these issues. However, we agree with counsel that the record is insufficiently developed to consider these issues on direct appeal and that they would be more appropriately presented in a § 2255 petition.

v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). We have a strong preference

that ineffective assistance of counsel claims be brought pursuant to a collateral

proceeding because

> [a]n opinion by the district court is a valuable aid to appellate review
> for many reasons, not the least of which is that in most cases the
> district court is familiar with the proceedings and has observed
> counsel's performance, in context, firsthand. Thus, even if the record
> appears to need no further development, the claim should still be
> presented first to the district court in collateral proceedings (which
> can be instituted without delay) so the reviewing court can have the
> benefit of the district court's views.

Id. Therefore, "there is only a slight chance that we will forego the development

of a factual record or at least an opinion by the district court on the subject in the

first instance." Id. at 1241. After review of the briefs and the record, we see no

reason to depart from this general rule.

The conviction and sentence are AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-