**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 23, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARTURO FIGUEROA-BANUELLOS,
also known as Gonzaga Gonzalez-
Andrade,

    Defendant-Appellant.

No. 04-2336
(D.C. No. CR-03-1662 JC)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Arturo Figueroa-Banuellos, a federal prisoner proceeding *pro se*, pled

guilty to one count of illegal reentry after deportation subsequent to a conviction

for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and one

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

count of being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). The district court sentenced him to eighty-four months in prison. Mr. Figueroa-Banuellos filed a direct appeal asserting ineffective assistance of counsel, which we dismissed on the basis that the issue must be raised in a collateral challenge. *United States v. Figueroa-Banuellos*, No. 04-2018 (10th Cir. Oct. 19, 2004). Mr. Figueroa-Banuellos then filed *pro se* a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He appeals the district court's denial of that motion. We affirm.

Mr. Figueroa-Banuellos claims that Amendment 632 of the United States Sentencing Guidelines, which amended guidelines § 2L1.2, lowered the sentencing range applicable to his conviction, and that his sentence should be reduced accordingly. Specifically, he challenges the application to him of U.S.S.G. § 2L1.2(b)(1)(A), which provides for a sixteen-level increase if the defendant had previously been deported or unlawfully remained in the United States following a conviction for a drug trafficking felony for which the sentence imposed exceeded thirteen months, or for a firearm offense. Mr. Figueroa-Banuellos argues that under Amendment 632 he qualified for a lesser four-level increase and thus his sentence should be modified to reflect the retroactive application of the amendment. The district court denied Mr. Figueroa-Banuellos' § 3582(c)(2) motion, explaining that Amendment 632 was adopted on November

1, 2001 and Mr. Figueroa-Banuellos was sentenced on January 21, 2004, thus his motion does not implicate the retroactivity provisions of § 3582(c)(2).

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Acosta-Olivas*, 71 F.3d 375, 377 (10th Cir. 1995)). Because Mr. Figueroa-Banuellos' motion for a sentence modification is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quoting *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996)). According to § 3582(c), a court may not modify a term of imprisonment once it has been imposed except 1) upon a motion of the Director of the Bureau of Prisons, 2) if such modification is expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or 3) if a sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

Mr. Figueroa-Banuellos seeks a modification under the third exception, arguing that his sentencing range was subsequently lowered by Amendment 632. We agree with the district court's conclusion that even if Amendment 632 applies to Mr. Figueroa-Banuellos, he does not qualify for a sentence modification because the sentencing range used in his conviction was not *subsequently* lowered by the Sentencing Commission. Amendment 632 was in effect at the time of Mr.

Figueroa-Banuellos' sentencing and he is therefore not qualified for a sentence modification under § 3582(c)(2).

In any event, the presentence report (PSR) notes that in addition to a prior conviction for which Mr. Figueroa-Banuellos' sentence did not exceed thirteen months, he had also been convicted of drug trafficking offenses for which he received a sentence of twelve years imprisonment, with ten years suspended. Under the 2002 guideline manual, which was used in the PSR, he clearly qualified for a sixteen-level increase in his sentence pursuant to § 2L1.2(b)(1)(A).

We have carefully reviewed the record of these proceedings and the order of the district court. For the foregoing reasons we **AFFIRM** the district court's decision denying a sentence reduction under § 3582.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge