**UNITED STATES of America,
Plaintiff,**

v.

**Melvin GRIGSBY, Defendant.**

**Criminal Case No. 92–cr–00336–LTB.**

United States District Court,
D. Colorado.

May 29, 2008.

Wayne Campbell, U.S. Attorney's Office–Denver, Denver, CO, for Plaintiff.

Richard N. Stuckey, Richard N. Stuckey, Attorney at Law, P.C., Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER (AMENDED)

BABCOCK, District Judge.

This case is before me on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc # 66]. Defendant filed the motion *pro se* but was represented by counsel throughout the briefing of the motion and at the hearing held on May 23, 2008. Although I issued an oral ruling denying the motion at the May 23, 2008 hearing, I am issuing this Order to further clarify my findings and conclusions.

### I. Background

On June 23, 1994, Defendant entered into a plea agreement whereby he agreed to plead guilty to one count of conspiracy to possess with intent to distribute cocaine base, or crack cocaine. The introductory paragraph to the plea agreement provides that it "is submitted under Federal Rule of Criminal Procedure 11(e)(1)(C)," and section II of the plea agreement provides that "[p]ursuant to Fed.R.Crim.P. 11(e)(1)(C), the parties stipulate that the following sentence is appropriate: 235 months confinement. . . ." At that time, as reflected in section V.H of the plea agreement, the applicable sentencing guideline established a range of 235 to 292 months imprisonment for crack cocaine offenses. The plea agreement further provides that the Government may subsequently file a motion under Section 5K1.1 of the sentencing guidelines for a downward departure from the 235 month stipulated sentence based on information provided by Defendant re-

garding drug trafficking in Colorado and elsewhere.

The presentence investigation report indicates that Defendant entered his guilty plea on June 28, 1994 "pursuant to Rule 11(e)(1)(C)." The report includes the probation officer's analysis of the appropriate sentence under the sentencing guidelines, which was necessitated by the fact that the plea agreement gave Defendant the option of withdrawing his guilty plea if certain conditions were not met, and reflects the probation officer's conclusion that a different sentencing guideline was applicable and that the corresponding sentencing range would be 360 months to life imprisonment. Following Defendant's objections to the presentence investigation report, the probation officer issued an addendum to his report wherein he agreed that the appropriate sentencing range was 235 to 293 months imprisonment.

At Defendant's sentencing on August 19, 1994, the presiding judge found that the applicable guideline range was 235 to 293 months imprisonment. The presiding judge also granted the Government's Section 5K1.1. motion, which requested that the court ratify the parties' plea agreement but modify it to reflect the government's recommendation that Defendant be sentenced to a reduced term of 200 months imprisonment, and sentenced Defendant to 200 months imprisonment.

## II. Analysis

Defendant seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on the lowered base offense levels for crack cocaine offenses set forth in a recent retroactive amendment to the sentencing guidelines. Section 3582(c)(2), 18 U.S.C., provides that a court may, under certain circumstances, modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has sub-sequently been lowered by the Sentencing Commission ..."

In *United States v. Trujeque*, 100 F.3d 869 (10th Cir.1996), the Tenth Circuit held that the defendant could not seek a reduction of his sentence pursuant to Section 3582(c)(2) because he had entered into a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C), now Fed.R.Crim.P. 11(c)(1)(C). As a result of the plea agreement, the Tenth Circuit concluded that the Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as required under section 3582(c)(2) and that the district court should therefore have dismissed the defendant's motion without considering its merits. *Id.* at 871.

In *Trujeque*, the stipulated term of imprisonment under the Rule 11(e)(1)(C) plea agreement was outside the range established by the applicable sentencing guideline. Here, Defendant argues that because his sentence was consistent with the pre-amendment guideline range it was in fact a guideline sentence notwithstanding the Rule 11(e)(1)(C) plea agreement. Other authority, however, demonstrates that this distinction is irrelevant.

*United States v. Olvera–Garcia*, 60 Fed. Appx. 221 (10th Cir.2003), involved the combined appeals of three defendants whose motions to reduce their sentences under Section 3582(c)(2) following a change in the sentencing guidelines were denied on the merits. Each of the defendants pled guilty to illegal reentry by a deported alien previously convicted of an aggravated felony pursuant to Rule 11(e)(1)(C) plea agreements. Under the plea agreements, each defendant agreed to be sentenced at a certain offense level and was sentenced within the corresponding guideline range. The Tenth Circuit held that because none of the defendants argued or demonstrated that their Rule

11(e)(1)(C) plea agreements were invalid, the district court should have dismissed their Section 3582(c)(2) motions without addressing the merits. *Id.* at 223–24.

*United States v. Nunez–Rios*, —— Fed. Appx. ——, 2003 WL 464064 (10th Cir. 2003), similarly involved an appeal of the denial on the merits of a defendant's motion to reduce his sentence under Section 3582(c)(2) following a change in the sentencing guidelines. Here again, the defendant pled guilty to illegal reentry by a deported alien previously convicted of an aggravated felony pursuant to a Rule 11(e)(1)(C) plea agreement. Under the plea agreement, the defendant stipulated to an offense level under the sentencing guidelines and was sentenced within the corresponding guideline range. The Tenth Circuit held that because Defendant's sentence was based on a sentencing range that he agreed to accept under Rule 11(e)(1)(C), his motion was precluded by the clear language of Section 3582(c)(2), and the district court therefore should not have ruled on its merits. *Id.* at ——, 2003 WL 464064 at *2.

Additionally, in *United States v. Hemminger*, 114 F.3d 1192, 1997 WL 235838 (7th Cir.1997), the Seventh Circuit affirmed the denial of the defendant's Section 3582(c)(2) motion to modify his sentence under a Rule 11(e)(1)(C) plea agreement that expressly stated that the stipulated sentence was not premised on the court's or the probation officer's calculations under the sentencing guidelines. In support of its ruling, the Seventh Circuit observed that "[t]he sentencing under a Rule 11(e)(1)(C) plea rests on the parties' agreement, not on a calculation under the Sentencing Guidelines."

Likewise here, although the sentencing guidelines may have influenced the stipulated sentence set forth in the Rule 11(e)(1)(C) plea agreement, Defendant's sentence rests squarely on the parties'

agreement and not on a calculation under a sentencing guideline range that was subsequently lowered as required for the modification of a sentence pursuant to Section 3582(c)(2). Further, Defendant does not argue that the Rule 11(e)(1)(C) plea agreement, which was ratified by the Court and adhered to by the parties, is invalid. I therefore conclude that the Court does not have jurisdiction to address the merits of Defendant's motion. I further note that although my analysis focused on former Rule 11(e)(1)(c), there is nothing in the language of current Rule (c)(1)(C) to suggest a contrary result.

IT IS HEREBY ORDERED that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc # 66] is DENIED.