UNITED STATES COURT OF APPEALS

**January 6, 2009**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DUANE HAMILTON,

      Defendant-Appellant.

No. 08-5094
(D.C. No. CR-05-0086-001-HDC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Duane Hamilton, appearing pro se, argues that the

district court abused its discretion in denying his 18 U.S.C. § 3582(c)(2) motion

for reduction of sentence. We exercise jurisdiction under 28 U.S.C. § 1291.

Reviewing Mr. Hamilton's filings liberally,[1] we conclude that the district court

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]    Because Mr. Hamilton is proceeding pro se, we review his pleadings and
(continued...)

properly denied Mr. Hamilton's § 3582 motion. Accordingly, we **AFFIRM**.

## BACKGROUND

Mr. Hamilton pleaded guilty to possession with the intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Mr. Hamilton was classified as a career offender. Accordingly, as applicable here, Mr. Hamilton's Guidelines range was determined under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1 by taking the greater of (1) the Guidelines range that results from adding the mandatory minimum penalty of the firearms count under § 924(c) to the minimum and maximum of the otherwise applicable Guidelines range for the drug offense, and (2) the Guidelines range determined using the table set forth in § 4B1.1(c)(3). The former yielded the greater Guidelines range—specifically, 322 to 387 months. This Court affirmed Mr. Hamilton's sentence on direct appeal. *United States v. Hamilton*, 510 F.3d 1209 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1922 (2008).

Subsequently, Mr. Hamilton filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Mr. Hamilton's

---

[1](...continued)
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

motion, finding that Amendment 706 did not lower Mr. Hamilton's applicable

Guidelines range. Mr. Hamilton appeals.

**DISCUSSION**

"We review de novo the district court's interpretation of a statute or the

sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.

1997) (citation and internal quotation marks omitted). "We review for an abuse

of discretion a district court's decision to deny a reduction in sentence under 18

U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir.

2008). When, as here, a "motion for sentence reduction is not a direct appeal or a

collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends

entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (citation, internal

quotation marks and alteration omitted).

Section 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term
> of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission . . .
> the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if such a reduction is *consistent*
> *with applicable policy statements* issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment

is not authorized (i.e., not consistent with applicable policy statements) under §

3582(c) if the amendment "does not have the effect of lowering the defendant's

-3-

applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

"Amendment 706 lowered the base offense level [under § 2D1.1] for drug offenses involving crack cocaine." *United States v. Leroy*, No. 08-5088, 2008 WL 4636725, at *2 (10th Cir. Oct. 21, 2008). "However, Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing [Mr. Hamilton]." *Sharkey*, 543 F.3d at 1239. Since Amendment 706 does not have the effect of lowering Mr. Hamilton's applicable Guidelines range, his motion for relief pursuant to § 3582(c)(2) was properly denied.

Further, we reject Mr. Hamilton's argument that *United States v. Booker*, 543 U.S. 220 (2005), should apply to sentencing modification proceedings pursuant to § 3582(c)(2). Mr. Hamilton argues that the district court had the discretion to impose a non-guideline sentence under *Booker*. Aplt. Br. at 8. However, we rejected this argument in *United States v. Rhodes*, No. 08-2111, 2008 WL 5102247, at *5-6 (10th Cir. Dec. 5, 2008). In *Rhodes*, we noted that "*Booker* made no alteration to § 3582(c)(2), which, as noted, provides the statutory basis for sentence modification proceedings. . . . Moreover, the Sixth Amendment concerns that gave rise to the *Booker* decision will not be replicated in sentence modification proceedings." *Id.* at *6. Accordingly, "*Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." *Id.*

**CONCLUSION**

For the foregoing reasons, the district court did not abuse its discretion in denying Mr. Hamilton's § 3582(c)(2) motion. Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge