08-4925-cr
USA v. Kornegay

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December, two thousand and nine.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

           *Appellee,*

    v.                                                            No. 08-4925-cr

COREY KORNEGAY,

           *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**            Michael L. Desautels, Office of the Federal Public Defender, District of Vermont, Burlington, VT.

1

**FOR APPELLEE:**  Paul J. Van de Graaf, Acting United States Attorney, and Gregory L. Waples and William B. Darrow, Assistant United States Attorneys, United States Attorney's Office, District of Vermont, Burlington, VT.

Appeal from a September 25, 2008 order of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Corey Kornegay entered into a so-called "binding" plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) and, in accordance with that agreement, pleaded guilty in the District Court to crimes relating to the distribution of crack cocaine. The District Court accepted the Rule 11(c)(1)(C) agreement and adhered to the terms of the agreement when calculating appellant's Guidelines sentencing range. *See generally United States v. Cunavelis*, 969 F.2d 1419, 1422-23 (2d Cir. 1992). The District Court calculated a Guidelines range of 78-97 months and imposed, principally, two concurrent 84-month sentences. Appellant did not appeal his sentence.

Following appellant's conviction, the United States Sentencing Commission instituted a two-level, retroactive reduction to the Guidelines offense level for crimes relating to crack cocaine. *See United States v. Main*, 579 F.3d 200, 202 (2009). Appellant then moved in the District Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The District Court denied appellant's motion.

On appeal, appellant claims that the District Court erred by declining to reduce his sentence under 18 U.S.C. § 3582(c)(2). We disagree and affirm the District Court's order.

The transcript of appellant's sentencing hearing shows that the District Court calculated appellant's Guidelines range not by undertaking an independent analysis under the Guidelines but by adhering strictly to the terms of the Rule 11(c)(1)(C) plea agreement. For example, the District Court accepted the plea agreement's stipulation that appellant had trafficked 50-150 grams of crack cocaine, even though the Presentence Report indicated that appellant's crimes likely involved at least double that amount. The District Court also applied a substantial assistance reduction and a role reduction exactly as provided in the plea agreement. Appellant's sentence, therefore, was "'based on' his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered." *Main*, 579 F.3d at 203. As a result, "the district court was without authority to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Id.*

That conclusion results naturally from our recent decision in *Main*, and it is also consistent with the precedent of the overwhelming majority of our sister circuits. *See United States v. Sanchez*, 562 F.3d 275, 279-82 (3d Cir. 2009) (holding that a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement was "ineligible" for § 3582(c)(2) relief); *United States v. Scurlark*, 560 F.3d 839, 842 (8th Cir. 2009) (holding that where a Rule 11(c)(1)(C) plea agreement "stipulated to a sentencing range," § 3582(c)(2) was "inapplicable" because the sentence was "based on the agreement and not a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission" (internal quotation marks omitted) (alteration in original); *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) arises directly from the agreement itself, not from the Guidelines . . . ."); *United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) ("[A]bsent an agreement of the parties, the plain language of . . . Rule 11(c)(1)(C) generally precludes the district court from altering the parties' agreed sentence under § 3582(c)."); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (denying a motion under § 3582(c)(2) where a sentence was "based on a valid Rule 11(e)(1)(C) plea agreement" and thus "not based on a sentencing range that has subsequently been lowered by the Sentencing Commission" (internal quotation marks omitted)); *see also Main*, 579 F.3d at 203-04 (noting that a panel of the Fourth Circuit in *United States v. Dews*, 551 F.3d 204, 208-12 (4th Cir. 2008), reached a contrary result but the panel's opinion was vacated when the Fourth Circuit granted rehearing *en banc* and subsequently dismissed the appeal as moot). *But see United States v. Cobb*, 584 F.3d 979 (10th Cir. 2009) (distinguishing the Tenth Circuit's prior opinion in *Trujeque*—as well as five non-precedential Tenth Circuit opinions that relied on it—and holding, over a dissent, that "nothing in the language of § 3582(c)(2) or in the language of Rule 11 precludes a defendant who pleads guilty under Rule 11 from later benefitting from a favorable retroactive guideline amendment").

## CONCLUSION

For the foregoing reasons, the September 25, 2008 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____