**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　Plaintiff–Appellee,

v.

DUANE HAMILTON,

　　　Defendant–Appellant.

No. 12-5172
(D.C. No. 4:05-CR-00086-JHP-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Duane Hamilton, proceeding pro se, appeals the denial of his 18 U.S.C.

§ 3582(c)(2) motion for a reduction of his sentence. Exercising jurisdiction under 28

U.S.C. § 1291, we remand with instructions to dismiss the motion for lack of jurisdiction.

---

　　　* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

In 2006, Hamilton pled guilty to possession with intent to distribute fifty grams or more of cocaine base and carrying firearms during and in relation to a drug trafficking crime. Hamilton was classified as a career offender. A presentence investigation report ("PSR") calculated a criminal history category of VI and a total offense level of 34, based on Hamilton's career offender status. Hamilton's Guidelines range was determined under the "Career Offender" section of the Guidelines, U.S.S.G. § 4B1.1, by taking the greater of (1) the Guidelines range that results from adding the mandatory minimum penalty of the firearms count under § 924(c) to the minimum and maximum of the otherwise applicable Guidelines range for the drug offense, calculated based on his total offense level, and (2) the Guidelines range determined using the table set forth in § 4B1.1(c)(3). The former yielded the greater Guidelines range: in this case, 322 to 387 months. The district court imposed a sentence of 322 months.

We affirmed Hamilton's sentence on direct appeal. United States v. Hamilton, 510 F.3d 1209 (10th Cir. 2007). Hamilton then sought a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 of the Guidelines, which the district court denied and we affirmed. United States v. Hamilton, 306 F. App'x 422 (10th Cir. 2009) (unpublished).

Following the adoption of an amendment to the Guidelines that alters the offense levels for certain crack offenses, see U.S.S.G. app. C, amend. 750, Hamilton filed a

second motion under § 3582(c)(2) to reduce his sentence. The district court denied the motion on September 25, 2012. Citing to the original sentencing court's undisputed finding that Hamilton is a career offender under U.S.S.G. § 4B1.1, and pointing out that Hamilton was sentenced prior to the effective date of the Fair Sentencing Act, the court concluded that Hamilton was ineligible for a sentence reduction. Hamilton timely appealed.

**II**

We review a district court's interpretation of a statute or the Sentencing Guidelines de novo. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). We review a district court's decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

Although federal courts in general lack jurisdiction to reduce a term of imprisonment once it has been imposed, United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(2).

Amendment 750 retroactively "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level" in a manner proportionate to the changes required by the Fair Sentencing Act. United States v. Osborn, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotation omitted); see also U.S.S.G. app. C, amend. 750. However, Hamilton's total offense level was based on his career offender status, not his drug crime; thus, Amendment 750 did not affect Hamilton's offense level or the resulting Guidelines range. Cf. Sharkey, 543 F.3d at 1239 (holding that the district court properly denied a § 3582(c)(2) motion because Amendment 706 had no effect on the career offender guidelines under which defendant was sentenced). Thus a reduction in Hamilton's term of imprisonment, imposed as a result of his career offender status, is not "consistent with" Amendment 750's aim of modifying sentences based on cocaine offenses and is not authorized by § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B).

Hamilton's reliance on Freeman is also unavailing. Freeman v. United States, 131 S. Ct. 2685, 2690 (2011). In Freeman, the Supreme Court addressed whether defendants who plead guilty under a Fed. R. Crim. P. 11(c)(1)(C) agreement are entitled to seek a reduction in sentence under § 3582(c)(2) when the otherwise-applicable Guideline is retroactively amended. See id. at 2690-91. However, Hamilton did not enter into a Rule 11(c)(1)(C) plea agreement with the government, which permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once the court accepts the plea

agreement." Fed. R. Crim. P. 11(c)(1)(C). Further, the district court did not grant a departure or variance from the career offender sentencing range. Accordingly, we have no reason to believe that its sentence was in any way based on the drug quantity tables amended by Amendment 750. Freeman is thus inapplicable.

## III

The district court denied Hamilton's motion on the merits, not on the basis of lack of jurisdiction. We agree with the district court that Hamilton's sentence was based on his career offender status and thus Amendment 750 is inapposite. But because Hamilton's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," see § 3582(c)(2), the district court was without jurisdiction to consider Hamilton's § 3582(c)(2) motion. See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996). We therefore **REMAND** with instructions to dismiss the motion for lack of jurisdiction.

Entered for the Court


Carlos F. Lucero
Circuit Judge