FILED
United States Court of Appeals
Tenth Circuit

October 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIAN SANDOVAL-FLORES,

    Defendant - Appellant.

No. 16-4014
(D.C. No. 2:99-CR-00109-TC-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Mr. Sandoval-Flores moved the district court to reduce his sentence under 18

U.S.C. § 3582(c)(2), which allows such reductions when the sentencing range for a

defendant's conduct is lowered after his sentence is imposed. The district court,

having already granted one such motion from Mr. Sandoval-Flores, denied the

present motion as moot.

On appeal, Mr. Sandoval-Flores argues that his motion was not moot. His first

motion was based on U.S. Sentencing Guidelines Amendment 782, which lowered

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the guidelines sentences for Mr. Sandoval-Flores's drug trafficking. The present motion is based on Amendment 599, which (Mr. Sandoval-Flores claims) provides a basis for reducing his sentence still further—a basis the district court did not even consider before denying his motion.

The government does not defend the district court's finding of mootness. Instead it addresses the motion's merits, arguing that Amendment 599 does not apply to Mr. Sandoval-Flores. Because Amendment 599 does not apply, the government argues, we must instruct the district court to vacate its order denying Mr. Sandoval-Flores's motion and order the motion dismissed for lack of jurisdiction.

But we do not need to determine whether Amendment 599 applies to Mr. Sandoval-Flores; his motion fails for a more basic reason. The statute he relies on allows defendants to move for a sentence reduction if the guidelines range for their conduct is "subsequently . . . lowered"—that is, lowered after the defendant has been sentenced. 18 U.S.C. § 3582(c)(2). Mr. Sandoval-Flores's sentencing hearing took place on February 26, 2001. Judgment against him was entered on June 4, 2001. But Amendment 599 had already taken effect on November 1, 2000.

Mr. Sandoval-Flores argues in his motion that he was sentenced under the 1998 guidelines, and that the sentencing court did not account for Amendment 599. But that, even if true, is irrelevant. If the sentencing court applied an outdated version of the guidelines, Mr. Sandoval-Flores should have sought to correct its error through his direct appeal or his first habeas petition. Such errors cannot be corrected

through § 3582(c)(2): we cannot pretend Amendment 599 took effect "subsequent" to his sentencing. Mr. Sandoval-Flores's § 3582(c)(2) motion cannot be granted.

Because Mr. Sandoval-Flores was statutorily ineligible for relief under § 3582(c)(2), the district court lacked jurisdiction over his motion. *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996).[1] We accordingly **REMAND** with directions for the district court to dismiss this case for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1] We note that there appears to be both an intra-circuit and inter-circuit split on the question of whether statutory ineligibility for § 3582 relief is jurisdictional. In several cases both preceding and following *Trujeque*, panels of this circuit have affirmed the district court's denial of § 3582 relief on the merits rather than remanding for dismissal for lack of jurisdiction, s*ee, e.g.*, *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010), while other panels have held based on *Trujeque* that the lack of eligibility for § 3582(c)(2) relief is a jurisdictional matter requiring dismissal for lack of jurisdiction rather than denial on the merits, s*ee, e.g.*, *United States v. Hamilton*, 525 F. App'x 730, 733 (10th Cir. 2013); *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013). The Seventh Circuit resolved a similar intra-circuit split by holding that § 3582(c)(2)'s statutory criteria create a non-jurisdictional case-processing rule that does not deny the district court of subject-matter jurisdiction to evaluate and deny § 3582(c)(2) relief. *See United States v. Taylor*, 778 F.3d 667, 670–71 (7th Cir. 2015). The Second Circuit has also held that § 3582 ineligibility is nonjurisdictional. *See United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013). We believe this is the better approach. However, since *Trujeque* is the first case in this circuit that directly addressed the question of jurisdiction, it appears to be the controlling authority we must now follow. *See Haynes v. Williams*, 88 F.3d 896, 900 n.4 (10th Cir. 1996) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom."); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that a court "is not bound by a prior exercise of jurisdiction in a case where it was not questioned and was passed sub silentio").