FILED
United States Court of Appeals
Tenth Circuit

**July 28, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM MACK FIELDS,

      Defendant-Appellant.

No. 08-2217
(D.C. No. 2:02-CR-02262-JAP-3)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Defendant William Mack Fields appeals the denial of his motion under

18 U.S.C. § 3582(c)(2) for a modification of his term of imprisonment. The

district court denied the motion on the merits, holding that his sentence was

ineligible for a reduction under that section. We have jurisdiction over this

appeal under 28 U.S.C. § 1291. Because the district court was without

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the appellant's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction to consider the motion, we remand with instructions to dismiss Mr. Fields's motion.

## *Background*

A second superceding indictment charged Mr. Fields with seven counts of crack cocaine- and firearms-related offenses. On April 29, 2003, he pled guilty to all seven counts pursuant to a written plea agreement. That agreement included a stipulation, expressly pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence of 20 years was the appropriate term of imprisonment to be imposed. The United States Probation Office prepared a presentence report (PSR) calculating the applicable guidelines sentencing range as 108 to 135 months. But the PSR concluded that a mandatory minimum sentence applicable to one of the counts increased the guidelines imprisonment sentence to 240 months. Moreover, the PSR noted that two other counts carried additional sentences of five years each, to run consecutively to any other term of imprisonment, for a total of 360 months. The PSR noted the shorter 240-month stipulated sentence in the plea agreement. Consistent with that stipulation, on October 3, 2003, the district court sentenced Mr. Fields to a term of imprisonment of 240 months.

On April 17, 2008, Mr. Fields filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which permits a reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." After

-2-

appointing counsel to represent defendant and directing the government to file a response, the district court denied the motion, stating, "Defendant Fields's sentence was based on a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). His sentence is thus ineligible for reduction under 18 U.S.C. § 3582(c)(2) and the amended Sentencing Guidelines applicable to convictions for cocaine base offenses." R., Vol. 1 at 159 (Doc. 198). Mr. Fields appealed the district court's denial of his motion and this court appointed counsel to represent him in this appeal. Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), accompanied by a motion to withdraw.

### *Discussion*

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Mr. Fields invoked 18 U.S.C. § 3582(c)(2) as the basis for the district court's authority to reduce his sentence. "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).

-3-

Section 3582(c)(2) provides:

(c)  Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
. . .

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In support of his contention that he is eligible for a sentence reduction under this section, Mr. Fields relies on Amendment 706 of the United States Sentencing Guidelines, which "generally adjust[ed] downward by two levels the base offense level assigned to quantities of crack cocaine," *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008).  Amendment 706 applies retroactively. *See id.* Defendant argued in his motion that, as a result of this amendment of the Sentencing Guidelines, his offense level would be reduced from 29 to 27, thereby lowering his applicable sentencing range.  But we conclude that the district court had no authority to modify Mr. Fields's sentence under § 3582(c)(2) because his term of imprisonment was not "based on a sentencing range" as required by that section.

-4-

In *United States v. Trujeque*, 100 F.3d 869, 869 (10th Cir. 1996), we held that a defendant who entered into a plea agreement specifying a term of imprisonment pursuant to Fed. R. Crim. P. 11(e)(1)(C) may not seek a reduction in his sentence under § 3582(c)(2). The provisions of Rule 11(e)(1)(C) are now found in Fed. R. Crim. P. 11(c)(1)(C), which provides that "the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case." When considering this type of plea agreement, the district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). But a stipulated sentence in a plea agreement "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

In *Trujeque*, after noting the applicable guidelines range, the district court had sentenced the defendant to 84 months imprisonment, consistent with the stipulated sentence in his plea agreement. 100 F.3d at 871. Consequently, we reasoned that the defendant's sentence "was based on a valid Rule 11(e)(1)(C) [now Rule 11(c)(1)(C)] plea agreement," rather than "on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Trujeque*, 100 F.3d at 871 (quotation omitted). Since our decision in *Trujeque*, other circuits have followed suit in holding that a district court does not have authority to modify a sentence under § 3582(c)(2) when the sentence was imposed pursuant

to a binding Rule 11(c)(1)(C) plea agreement. *See, e.g., United States v. Sanchez*, 562 F.3d 275, 280-82 (3d Cir. 2009) (collecting cases). As the Third Circuit explained, § 3582(c)(2) obliges the court to ask what the sentence was based on:

> Where, as here, the District Court accepted a so-called "C" plea, the answer is simple: the sentence is based on the terms expressly agreed on by the defendant and the government. . . .
>
> . . . [The defendant's] sentence cannot be based on the Guidelines because the Court lacked the discretion to consider anything outside of the parties' agreement in sentencing him.

562 F.3d at 282 n.8. As in *Trujeque*, the district court here properly determined that Mr. Fields's sentence was ineligible for reduction under § 3582(c)(2).

That determination rendered the district court without jurisdiction to consider Mr. Fields's motion, and the court therefore should have dismissed it for lack of jurisdiction. *See Trujeque*, 100 F.3d at 871 (holding that district court should have dismissed motion "without considering its merits"); *Smartt*, 129 F.3d at 541 ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [defendant's] request.").

## *Conclusion*

For the foregoing reasons we REMAND to the district court with instructions to dismiss for lack of jurisdiction Mr. Fields's motion for resentencing under 18 U.S.C. § 3582(c)(2).  We DENY as moot defense counsel's motion to withdraw.

Entered for the Court


Deanell Reece Tacha
Circuit Judge