UNITED STATES of America,
Plaintiff,

v.

Donald Scott TAYLOR,
et. al., Defendant.

No. 07–CR–1244 WPJ.

United States District Court,
D. New Mexico.

Oct. 30, 2009.

Brian A. Pori, Inocente, P.C., Albuquerque, NM, Lori Tiffany Flowers, Michael N. Burt, San Francisco, CA, for Defendant.

*MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR SPECIFIC ENFORCEMENT OF PLEA AGREEMENT (Doc. 603)*

WILLIAM P. JOHNSON, District Judge.

In March 2008, a federal grand jury returned a superseding indictment charging Donald Scott Taylor with a series of crimes relating to the murder of Jimmy S. ("Bo") Chunn. On October 9, 2009, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Taylor entered into a plea agreement with the government. Pursuant to this plea agreement, Taylor pled guilty to all eight counts in the superceding indictment as well as the single joined count. In exchange, the United States agreed to withdraw its Notice of Intent to Seek a Sentence of Death. Furthermore, the United States and Taylor agreed that, "upon acceptance of this plea agreement by the Court, [Taylor] shall be sentenced to imprisonment for life." The Court, at the request of counsel for the Government and Taylor, accepted the guilty plea and the plea agreement at the October 9, 2009 plea hearing.

In the preparation of the presentence report, an issue arose regarding the proper sentence for Defendant Taylor. Count II, which charges Taylor with violent crimes in aid of racketeering activity, carries a mandatory sentence of death or life imprisonment. Count IV, which charges Taylor with using a firearm during and in relation to a crime of violence, carries a mandatory minimum sentence of ten years which must run consecutive to any other term of imprisonment. The Joined Count,

which charges Taylor with using a firearm during and in relation to a drug trafficking crime, carries a mandatory minimum sentence of 25 years which must run consecutive to any other term of imprisonment. The United States urges this Court to enter a sentence of life imprisonment plus 35 years in accordance with the relevant statutory minimum sentences. The Defendant, on the other hand, requests that the Court abide by the terms of the 11(c)(1)(C) plea agreement and impose a sentence of life imprisonment.

## ANALYSIS

This issue puts the Court in a difficult position. On the one hand, plea agreements made pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure are binding on the Court once the Court accepts the agreement. On the other hand, the relevant statutes clearly state that the sentences for Count IV and the Joined Count must run consecutively to any other term of imprisonment. If the Court imposes a life sentence pursuant to the terms of the plea agreement, the Court runs the risk of imposing an illegal sentence. If the Court ignores the plain language of the plea agreement and imposes a sentence of life plus 35 years, the Court runs the risk of being in violation of the terms of a binding Rule 11(c)(1)(C) plea agreement which the Court accepted on the record

after Taylor pled guilty to all counts in the Superceding Indictment.

### I. Binding Nature of 11(c)(1)(C) Plea Agreements

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure provides that the government and the defendant may "agree that a specific sentence or sentencing range is the appropriate disposition of the case. . . . [S]uch a recommendation or request binds the court once the court accepts the plea agreement." A court may accept or reject the agreement, or defer a decision until the court reviews the presentence report, but the court may not modify the agreement. *See, e.g., United States v. Fields*, 339 Fed.Appx. 872 (10th Cir.2009) ("[A] district court does not have authority to modify a sentence . . . when the sentence was imposed pursuant to a binding Rule 11(c)(1)(C) plea agreement."); *United States v. Williams*, 260 F.3d 160, 165 (2d Cir.2001) ("[A] district court may accept or reject a Rule 11(e)(1)(C) sentence bargain, but may in no event modify it."); *United States v. Pacheco–Navarette*, 432 F.3d 967, 972 (9th Cir.2005)("[T]he district court is not permitted to deviate from . . . sentences stipulated in [Rule 11(c)(1)(C)] agreements."). The Court accepted the plea agreement on October 9, 2009.[1] Consequently, the parties' stipulation to a sentence of "imprisonment for life" is binding on the Court.

1. Normally, it is the practice of this Court to defer a decision on an 11(c)(1)(C) plea agreement until the Court has reviewed the presentence report prepared by the United States Probation Office. Had this procedure been followed, the Court is confident that the probation officer preparing the presentence report would have discovered what the Court believes was an oversight on the part of the Government. The Court intends no criticism towards the prosecuting attorneys in this case, as the Court failed to discover this sentencing discrepancy issue during the plea hearing. This capital case, like all capital

cases, was aggressively litigated by excellent attorneys on both sides. The plea hearing occurred on October 9, 2009, the Friday before jury selection was to commence for a trial estimated to last two to three months. Moreover, with the Court unwilling to move the trial date, counsel for the parties as well as the Court and its staff were all "burning the midnight oil" in preparation for this trial. Given the magnitude of the situation, the Court decided to accept the Defendant's Plea Agreement at the time he pled guilty to avoid any risk that the Defendant might change his mind.

## II. Mandatory Consecutive Sentences for § 924 Offenses

Unfortunately, the imposition of a life sentence in this case is less than what the relevant penalty statutes require. Count II of the superseding indictment charges the Defendant with violent crimes in aid of racketeering—specifically, the murder of Jimmy S. ("Bo") Chunn—in violation of 18 U.S.C. § 1959(a)(5). That offense carries a mandatory sentence of life imprisonment. The Defendant also pled guilty to Count IV of the superseding indictment, which charges him with using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1). When the firearm is discharged, as it was here, the defendant is subject to a mandatory minimum sentence of 10 years which must be imposed "in addition to the punishment provided for [the underlying] crime of violence." Finally, the Defendant pled guilty to the Joined Count, which charges him with using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and (j). Under subsection (c), the Defendant is subject to a mandatory minimum sentence of 25 years in addition to the punishment provided for the underlying drug trafficking crime. Read literally, those statutes require the Court to impose a sentence of life imprisonment plus a consecutive term of 35 years.

The Defendant argues that the introductory clause of § 924(c) permits a court to decline to impose a consecutive sentence when the defendant is already subject to a longer mandatory minimum sentence for a different offense. That introductory clause states: "*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm ... shall, *in addition* to the punishment provided for such crime of violence or drug trafficking crime [be sentenced to a prescribed term of years as follows]." (emphasis added). Defendant claims that, because he is already subject to a mandatory sentence of life imprisonment on Count II, the Court may ignore the language requiring consecutive sentences. While the Tenth Circuit has not yet ruled on this issue, the majority of courts have rejected the Defendants argument. *See, e.g., United States v. Segarra*, 582 F.3d 1269 (11th Cir.2009); *United States v. Easter*, 553 F.3d 519 (7th Cir. 2009); *United States v. Parker*, 549 F.3d 5 (1st Cir.2008); *United States v. Jolivette*, 257 F.3d 581 (6th Cir.2001); *United States v. Studifin*, 240 F.3d 415 (4th Cir.2001); *United States v. Alaniz*, 235 F.3d 386 (8th Cir.2000). These courts all agree that the introductory clause of § 924 refers only to higher mandatory minimum penalties which may apply to the § 924 firearm-related crime. In other words, a defendant convicted under § 924(c)(1) must be sentenced in accord with the requisite mandatory minimum sentence unless another penalty provision requires a higher mandatory minimum sentence for *that* § 924(c)(1) offense. *See Easter*, 553 F.3d at 526. In fact, only one circuit—the Second Circuit—has adopted the Defendant's position that a court may dispense with consecutive sentences whenever a defendant is subject to a higher mandatory minimum sentence for a *separate* offense. *See United States v. Whitley*, 529 F.3d 150 (2d Cir.2008); *United States v. Williams*, 558 F.3d 166 (2d Cir.2009). I do not consider the decisions of the Second Circuit in *Whitley* and *Williams* to be persuasive authority. Moreover, I believe the Tenth Circuit would adopt the reasoning of the majority of circuit courts and hold that sentences imposed under § 924 must run consecutive to sentences imposed for other, unrelated offenses. Using that logic,

this Court is statutorily required to impose a sentence of life imprisonment plus 35 years.[2]

### III. Plea Agreement

The Government argues that the Court need not choose between, on the one hand, adhering to the terms of the plea agreement and imposing an illegal sentence, and on the other hand, violating the terms of the 11(c)(1)(C) agreement. It claims that the Defendant reasonably understood, based on the language in the plea agreement, that he was agreeing to a term of life plus 35 years. The 17–page plea agreement lists each count along with the mandatory minimum sentence for that count. The plea agreement clearly states that the terms of imprisonment for Count IV and the Joined Count must run consecutive to any terms imposed on the remaining counts.[3] During the plea colloquy, the Court specifically asked the Defendant if he understood that the relevant statutes required the sentences for Count IV and the Joined Count to run consecutive to the sentences imposed on any other counts. The Defendant indicated that he understood. Based on these concessions and the language in the plea agreement, the Government argues that the Defendant clearly understood that he was accepting a sentence of life in prison plus whatever term of years the Court decided to impose for Count IV and the Joined Count.

The Government's position has much merit. The Defendant expressly acknowledged—both in the written plea agreement and in the hearing before the Court—that the statutes required consecutive sentences for Count IV and the Joined Count. Furthermore, the Court realizes that this dispute is over a technicality. Defendant Taylor clearly understood that he was agreeing to life in prison without the possibility of parole: it makes no practical difference to the Defendant whether the Court imposes a sentence of life imprisonment or life plus a term of 35 years.

However, for better or worse, the Defendant and the Government expressly agreed in writing to a sentence of "imprisonment for life," not imprisonment for life plus a term of years. While it does not make any *practical* difference in how long Defendant Taylor remains in prison, there is certainly a superficial difference and the Court is unwilling to assume that Taylor would have assented to a plea agreement which expressly stipulated a term of life in prison plus 35 years. Furthermore, while the Court is wary of imposing an illegal sentence, it notes that the Tenth Circuit has not yet ruled on whether § 924 requires the imposition of consecutive sentences in a case like this. Finally, given that the Court is presented with two less-than-ideal options, the Court will choose the option that favors the Defendant.

### CONCLUSION

The Court grants Defendant Taylor's Motion for Specific Enforcement of Plea Agreement and the sentence the Court shall impose at the sentencing hearing on October 30, 2009 is the sentence of life in prison as specified in the Rule 11(c)(1)(C) Plea Agreement.

**SO ORDERED.**

---

2. Life imprisonment plus 35 years is the sentence specified in the presentence report and is the correctly calculated guideline sentence.

3. Notably, the plea agreement does not recite the specific mandatory minimum sentences for Count IV or the Joined Count. Rather, the agreement merely states that the offenses are subject to "imprisonment for a term of not more than life" to run consecutive to the terms imposed on any other counts.