**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WILLIAM MACK FIELDS,

    Defendant-Appellant.

No. 12-2083
(D.C. No. 2:02-CR-02262-JAP-3)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After William Fields pleaded guilty to federal drug and firearm charges, the

district court sentenced him to twenty years in prison. The court did so because

of a Rule 11(c)(1)(C) stipulated sentence Mr. Fields and the government agreed

to. That sentence, in turn, was based on the fact Mr. Fields inescapably faced a

statutorily prescribed mandatory minimum term of twenty years.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Years later and despite all this, Mr. Fields filed a motion arguing he was entitled under 18 U.S.C. § 3582(c)(2) to a reduced sentence because Amendment 706 of the Sentencing Guidelines retroactively reduced crack cocaine sentences by two "base levels." The district court denied the motion, holding that Mr. Fields was ineligible for § 3582(c)(2) relief because his sentence was "based on" his plea agreement, not the guidelines. Mr. Fields's effort to undo that result on appeal proved unsuccessful. *United States v. Fields*, 339 F. App'x 872, 875 (10th Cir. 2009).

More recently, Mr. Fields filed a new § 3582(c)(2) motion. This time he argued entitlement to relief in light of the Supreme Court's intervening decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011). The district court disagreed, however, and denied Mr. Fields's motion. Once again before this court on appeal, Mr. Fields's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for an appeal and seeking leave to withdraw.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." *Id*. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then

- 2 -

submit his own arguments for the court's consideration. *Id.* After that, we must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, counsel for Mr. Fields identifies two potential bases for an appeal of the district court's adverse jurisdictional ruling: the first under Justice Sotomayor's concurrence in *Freeman* and the second under the plurality opinion. But both lines of attack, counsel argues, lack merit. For his part, Mr. Fields has filed a response to the *Anders* brief. But beyond a single conclusory assertion that *Freeman* permits the district court to entertain his motion, Mr. Fields has not submitted any argument or authority calling into question his counsel's analysis. The government has indicated its intent not to respond to the *Anders* brief.

After our own independent review of the record, we agree with Mr. Fields's counsel that any appeal in this case would be fruitless. In general, a district court has no authority to modify a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). However, a district court may reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). The questions presented in *Freeman* were whether and when an initial sentence imposed (as here) under a Rule 11(c)(1)(C) plea agreement — an agreement in which the defendant and the

prosecutor stipulate to a sentence that the court must impose if it accepts the plea agreement — can be said to be "based on" a guidelines range.

*Freeman* produced a fractured result. Four justices, representing a plurality of the court, indicated that they would "permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman,* 131 S. Ct. at 2692-93 (Kennedy, J.). The dissent of four justices preferred a categorical rule barring any revision to a sentence imposed under a Rule 11(c)(1)(C) agreement, arguing that any such sentence is "based on" the plea agreement, not the guidelines. *Id.* at 2701 (Roberts, C.J., dissenting). Justice Sotomayor, writing for herself in a controlling concurrence, adopted something of a middle ground. Rejecting the dissent's categorical rule, she suggested district courts have authority to revise a sentence only "when a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring in judgment).

The difficulty for Mr. Fields is that none of these approaches helps his cause. It is apparent that Mr. Fields's sentence, to the extent it was "based on" anything outside the plea agreement itself, was based on the twenty-year statutory minimum sentence he faced. There is no indication in the record that the guidelines advisory range of 108 to 135 months, considerably less than the

- 4 -

statutory minimum the parties stipulated to, formed any "relevant part of the analytical framework" the district court applied to Mr. Fields's sentence. Certainly Mr. Fields offers us no reason to conclude that it did. Therefore, under any and all of the three approaches discussed by *Freeman*, the district court was correct that it lacked authority to revise Mr. Fields's sentence.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge