**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HAROLD GLEN CLAYTON,

    Defendant-Appellant.

No. 03-7095
(E.D. Okla.)
(D.Ct. No. 98-CR-25-S)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harold G. Clayton, a litigant and federal inmate at a correctional facility in Oklahoma appearing *pro se*, appeals the district court's dismissal of his motion, filed pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his 324-month sentence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Clayton pled guilty, under Federal Rule of Criminal Procedure 11(a)(2), to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846; to a money laundering conspiracy in violation of 18 U.S.C. § 1956(h); and to unlawful removal of vehicle identification numbers in violation of 18 U.S.C. § 511(a). *See United States v. Clayton*, 201 F.3d 449, 1999 WL 1079627 at *1 (10th Cir. Nov. 30, 1999) (unpublished opinion) (*Clayton I*).[1] The district court accepted the plea and sentenced him to 324 months imprisonment on the conspiracy to possess count, sixty months on the vehicle

---

[1] Although Mr. Clayton entered into a conditional Rule 11 plea agreement, nothing in the record or briefs suggests the plea agreement contained a stipulated term of sentence. *See also Clayton I*, at *3 (indicating Mr. Clayton entered into a verbal plea presented to the court, in which the government did not make any promises on the sentence term). As a result, Mr. Clayton's sentence of 324 months appears to be based on the United States Sentencing Guidelines (Sentencing Guidelines), and not on any plea agreement as to the term of sentence. *See United States v. Trujeque*, 100 F.3d 869, 870-71 (10th Cir. 1996) (holding the federal courts lack jurisdiction to consider a § 3582(c)(2) motion when the term of sentence is stipulated to in a valid Rule 11 plea agreement and not based on a sentencing range subsequently lowered by the United States Sentencing Commission (Sentencing Commission)).

identification count, and 240 months on the money laundering conspiracy count, all to run concurrently. This court affirmed Mr. Clayton's conviction on direct appeal. *See Clayton I*, at *4. Thereafter, Mr. Clayton filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on grounds his indictment did not include a drug quantity amount. *See United States v. Clayton*, 2002 WL 31124416 at *1 (10th Cir. Sept. 26, 2002) (unpublished opinion) (*Clayton II*). The district court denied the motion; this court affirmed, concluding his *Apprendi* claims were barred, in part, under *United States v. Mora*, 293 F.3d 1213, 1218-19 (10th Cir.), *cert. denied*, 537 U.S. 961 (2002), which determined *Apprendi* is not retroactively applicable to habeas petitions. *See Clayton II*, at *1.

Mr. Clayton then filed the instant § 3582(c)(2) motion to modify his 324-month sentence. He argued Sentencing Commission Amendment 613 to the sentencing guidelines reduced the sentencing range applicable to his term of imprisonment. Even though he did not cite *Apprendi* in support of his appeal, Mr. Clayton also renewed his argument, raised during his § 2255 proceeding, that his sentence must be reduced to the twenty-year maximum sentence prescribed in 21 U.S.C. § 841(b)(1)(C) because his indictment did not include a drug quantity amount.

-3-

The district court denied Mr. Clayton's § 3582(c)(2) motion, explaining Amendment 613 does not lower the applicable guideline because it only addresses the issue of whether admissions, made by a defendant during a guilty plea hearing, can be considered a stipulation under Sentencing Guideline § 1B1.2.[2] The district court also explained § 3582(c)(2) can only apply if Mr. Clayton's term of imprisonment is based on a sentencing range subsequently reduced by the Sentencing Commission, and the reduction is consistent with the applicable policy statement. The district court noted Sentencing Guideline § 1B1.10(c), which contains the applicable policy statement, explicitly states which amendments are covered, and does not include Amendment 613, thereby precluding Mr. Clayton relief. *See* U.S.S.G. § 1B1.10 (c), and cmt. n.2. The district court also rejected Mr. Clayton's *Apprendi* drug quantity challenge, pointing out this court previously rejected it on appeal of his § 2255 action, and Mr. Clayton improperly brought his *Apprendi* claim under § 3582(c)(2), which applies only to situations where a sentencing range is lowered.

---

[2] Amendment 613 states that a factual statement or stipulation contained in a written or oral plea agreement is only considered a stipulation if both the defendant and the government explicitly agree. U.S.S.G., App. C, Vol. II, at 115-16.

Mr. Clayton appeals the district court's decision, making the same or similar argument as in his § 3582(c)(2) motion, claiming Amendment 613 applies for the purpose of reducing his sentence from 324 months to the twenty-year maximum prescribed by 21 U.S.C. § 841(b)(1)(C). In so doing, he contends Amendment 613 should be given retroactive application because it is a "clarifying" amendment rather than a substantive amendment, and the maximum statutory sentence of twenty years must be applied because neither his indictment nor his plea agreement included a drug quantity amount. He also contends he never raised an *Apprendi* argument before the district court.

We review *de novo* the district court's interpretation of a statute or the sentencing guidelines. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation marks, citation, and alteration omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41. As

previously noted, Mr. Clayton's motion is dependent on the last listed circumstance – a reduction of the sentencing range applicable to him.

Having reviewed the record and briefs on appeal, we conclude the district court did not err in denying Mr. Clayton's motion to modify his sentence under § 3582(c)(2). As the district court aptly explained, Amendment 613 is not listed in § 1B1.10(c), and therefore a reduction of his sentence under § 3582(c)(2) is "not authorized." See *Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). We also reject Mr. Clayton's contention on appeal that he is not raising an *Apprendi*-type argument. Regardless of how he wishes to characterize it, Mr. Clayton continues to argue his sentence should be reduced to twenty years under 21 U.S.C. § 841 because his indictment and plea agreement did not contain a drug quantity amount. His argument is unpersuasive for several reasons. First, as the district court pointed out, this court previously rejected his claim during the appeal of his § 2255 action. *See Clayton II*, at *2. Second, as the district court properly concluded, the argument raised by Mr. Clayton concerning Amendment 613 is not one which relates to the lowering of a sentence range as required by § 3582(c)(2). Moreover, dismissal of his motion on such grounds is consistent with other circuit court holdings that *Apprendi*-type claims cannot be brought under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not

relate to a lowering of sentence ranges. *See United States v. McBride*, 283 F.3d 612, 615-16 & n.2 (3d Cir.) (relying on similar holdings by the Second, Fourth, and Seventh Circuits, and various district courts, that *Apprendi* claims may not be raised under § 3582(c)(2).), *cert. denied*, 537 U.S. 864 (2002). Finally, Mr. Clayton's own pleadings contradict his contention on appeal that his plea agreement did not contain a drug quantity amount. Specifically, Mr. Clayton admits in one district court pleading that the government and his counsel agreed to a total drug amount of 185.5 pounds of methamphetamine for the purpose of calculating his sentence under the Sentencing Guidelines. Under the circumstances presented, the drug quantity was explicitly agreed to, despite Mr. Clayton's later description of events.

We also reject Mr. Clayton's contention Amendment 613 should be given retroactive application because it is a "clarifying" amendment rather than a substantive amendment.

> The question of whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).

*Torres-Aquino*, 334 F.3d at 941. As a result, the clarifying question raised by Mr. Clayton may not be reached in addressing his § 3582 motion, or his appeal of its

denial. *Id.*

Thus, for substantially the same reasons stated by the district court in its Order filed August 22, 2003, and reasons stated herein, we **AFFIRM** the district court's decision denying a sentence reduction under 18 U.S.C. § 3582(c)(2).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge