[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12456
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00072-CR-001-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE MARK HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 22, 2009)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tyrone Mark Holmes, a federal prisoner proceeding pro se, appeals from the district court's denial of his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

**I.**

In 1993, Holmes pled guilty to: possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three). The district court sentenced Holmes to 70 months' imprisonment on Count 2 and 60 months' imprisonment on Count 3, to run consecutively, and it imposed a 5-year period of supervised release. The following year, upon a motion filed by the government, the district court reduced Holmes's sentence on Count 2 to 46 months' imprisonment, pursuant to Fed.R.Crim.P. 35.

Holmes's five period of supervised release began upon his release from custody in January 2000. Over three years later, in May 2003, the district court found that Holmes violated a condition of his supervision, revoked his supervised release, and sentenced him to 18 months' imprisonment.

On March 25, 2008, Holmes filed the instant motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). Relying on Amendment 706 to the Guidelines, which retroactively reduced base offense levels applicable to crack

2

cocaine, Holmes requested the court to reduce his term of supervised release from 5 years to 3 years, which, in turn, would effectively nullify the 18-month sentence he received upon the revocation of his supervised release.

The district court denied the motion, explaining that U.S.S.G. § 1B1.10, comment. (n.4(A)) prohibited the court from reducing a term of imprisonment imposed upon the revocation of supervised release. This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction, however, must also be consistent with the Commission's applicable policy statement located at U.S.S.G. § 1B1.10. Id.

## III.

In this case, Holmes ultimately seeks to vacate the 18-month sentence that he received upon the revocation of supervised release. Essentially, he argues that, because the crack-cocaine amendments to the Guidelines retroactively reduced his

3

underlying base offense level, the district court was authorized under § 3582(c)(2) to reduce his term of supervised released from five years to three years.[1] According to Holmes, this would effectively nullify his 18-month sentence because he did not violate his supervised release until more than 3 years after he was released from custody.

However, the district court was not authorized to modify the sentence that it imposed upon revoking Holmes's supervised release. U.S.S.G. § 1B1.10, comment. (n.4(A)) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."). Although Holmes technically seeks only to reduce the term of his supervised release, not the actual 18-month sentence imposed upon its revocation, this is nothing more than an attempt to circumvent Application Note 4(A), and Holmes should not be permitted to "do indirectly what he cannot do directly." United States v. Hembree, 381 F.3d 1109, 1110 (11th Cir. 2004).

Holmes relies on United States v. Etherton, 101 F.3d 80, 81 (9th Cir. 1996), which held that § 3582(c)(2) authorized the district court to reduce a sentence

---

[1] Holmes has abandoned any argument on appeal that the district court had authority to modify his term of supervised release under 18 U.S.C. § 3583(e)(1). See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating that arguments not raised on appeal are abandoned).

4

imposed upon the revocation of supervised release where a retroactive amendment to the Guidelines reduced the defendant's underlying base offense level. However, as the Seventh Circuit has recently noted, "Etherton sought to answer a question left open by the guidelines in effect at the time. One year later, in 1997, the Sentencing Commission filled the gap with Application Note 4(A), and no court has relied on Etherton since." United States v. Forman, 553 F.3d 585, 588-89 (7th Cir. 2009).

Thus, we conclude that the district court lacked authority under § 3582(c)(2) to modify the sentence imposed upon the revocation of Holmes's supervised release. Accordingly, we affirm.

**AFFIRMED.**