FILED
United States Court of Appeals
Tenth Circuit

October 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

RONALD FONTENOT,

Defendant - Appellee.

No. 08-1363

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D. Ct. No. 1:93-CR-00007-MSK-1)**

---

Submitted on the briefs:[*]

Marc Milavitz, Boulder, Colorado, for Appellant.

David M. Gaouette, Acting United States Attorney, and Michael C. Johnson, Assistant United States Attorney, Office of the United States Attorney for the District of Colorado, Denver, Colorado, for Appellee.

---

Before **TACHA**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**TACHA**, Circuit Judge.

_____

Defendant-appellant Ronald Fontenot appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, hold that Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") does not apply to a term of imprisonment imposed upon revocation of supervised release, and therefore AFFIRM.

## I.  BACKGROUND

In 1994, Mr. Fontenot was convicted of one count of distributing cocaine and one count of distributing cocaine base. His sentencing offense level was calculated under U.S.S.G. § 2D1.1(c) and, in conjunction with a criminal history category of VI, produced a Guidelines range of 120–137 months' imprisonment. The district court sentenced him to 130 months followed by eight years of supervised release.

After Mr. Fontenot had completed his term of imprisonment and was serving his term of supervised release, he was charged with and convicted of wire fraud and money laundering. He also was found to have violated the terms of his supervised release. In September 2007, the district court sentenced him to 72 months on the fraud and money laundering convictions and to a six month consecutive sentence on the revocation of his supervised release.

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which provides for a two-level reduction in the base offense level under U.S.S.G. § 2D1.1(c) for offenses involving cocaine base. *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008). Amendment 706 was made retroactive on March 3, 2008. *See id.* Mr. Fontenot subsequently filed his § 3582(c)(2) motion for sentence reduction, which the district court denied.

## II. DISCUSSION

Section 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Fontenot argues that when he was sentenced to six months imprisonment on his supervised release violation, he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" Amendment 706. We disagree. Amendment 706 has no bearing on his current term of incarceration; that sentence is based on Mr. Fontenot's noncompliance with the terms of his supervised release, not on the drug quantity table set forth at U.S.S.G. § 2D1.1(c). Moreover, a sentence reduction in this case is not consistent with the relevant policy statement issued by the Sentencing Commission, which clarifies that § 3582(c)(2) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

U.S.S.G. § 1B1.10, cmt. n. 4A.[1]  Both courts of appeals that have considered this issue have reached the same conclusion, *see United States v. Forman*, 553 F.3d 585, 588–89 (7th Cir. 2008), *cert. denied*, 129 S.Ct. 2817 (2009); *United States v. Holmes*, 323 Fed. App'x 848, 850 (11th Cir. Apr. 22, 2009) (unpublished), and we are aware of no decision to the contrary.

Mr. Fontenot argues that the Supreme Court overturned Application Note 4A in *United States v. Johnson*, 529 U.S. 694 (2000).  In *Johnson*, the Court considered whether 18 U.S.C. § 3583(h), which authorizes a district court to impose an additional term of supervised release following the reimprisonment of a person who violates the conditions of his initial term of release, violates the Ex Post Facto Clause.  529 U.S. at 696.  In analyzing the issue, the Court stated that it "attribute[d] postrevocation penalties to the original conviction" and that such penalties "relate to the original offense." *Id.* at 701.  The Court went on to state that "postrevocation sanctions [are] part of the penalty for the initial offense." *Id.* at 700.  Mr. Fontenot appears to argue that Application Note 4A, which instructs that the "term of imprisonment imposed upon revocation of supervised release" is distinct from the "term of imprisonment" subject to a reduction under § 3582(c)(2), is inconsistent with *Johnson* and must be disregarded.  We do not read

---

[1] "[C]ommentary issued by the Sentencing Commission to interpret or explain a guideline is binding and 'authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *United States v. Morris*, 562 F.3d 1131, 1135 (10th Cir. 2009) (quoting *Stinson v. United States*, 508 U.S. 36 (1993)).

*Johnson* so broadly.  That case addressed an issue entirely distinct from the one at hand: the imposition of an additional term of supervised release under § 3583(h). It did not involve the reduction of a previous sentence for release violations under § 3582(c), and it did not consider the Guidelines or the application of U.S.S.G. § 1B1.10.  In short, nothing in *Johnson* affected or was intended to affect § 1B1.10 or the framework under 18 U.S.C. § 3582(c)(2).

### III.  CONCLUSION

The district court's denial of Mr. Fontenot's motion for a reduced sentence is AFFIRMED.