**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM LAWRENCE, JR.,

Defendant-Appellant.

No. 09-5092
(D.C. No. 4:93-CR-00185-GKF-2)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

William Lawrence, Jr., appeals the district court's denial of his pro se

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Exercising our

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of the

motion for lack of jurisdiction.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Lawrence was convicted in 1994 of conspiracy charges related to possession and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to 262 months' imprisonment, based on sentencing guidelines applicable to cocaine offenses. He was not convicted of any offense involving cocaine base, otherwise known as crack cocaine. This court affirmed his convictions and sentence, rejecting his claim that the district court erroneously calculated the quantity of cocaine used to determine his base offense level. *See United States v. Edwards*, 69 F.3d 419, 438-39 (10th Cir. 1995). In 2009, Mr. Lawrence filed a motion seeking a sentence reduction under § 3582(c)(2). The district court denied his motion for lack of jurisdiction, holding that he was not eligible for a sentence modification under this section. Mr. Lawrence filed a timely appeal.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so . . . ." *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (quotation omitted). Mr. Lawrence invoked § 3582(c)(2) as the basis for the district court's authority to reduce his sentence. "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a

question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).

Section 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

. . . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Lawrence contends he is eligible for a sentence reduction because Amendments 706 and 715 of the United States Sentencing Guidelines (USSG) subsequently lowered his sentencing range. Amendment 706 "generally adjust[s] downward by two levels the base offense level assigned to quantities of crack cocaine." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008). Amendment 715 effectuates the two-level reduction intended by Amendment 706 for offenses involving both crack cocaine and another controlled substance. *See* USSG App'x C Supp., Amend. 715 (May 1, 2008).[1]

---

[1]    Both of these Amendments were made retroactive. *See* USSG App'x C Supp., Amends. 713 and 716.

A district court has no authority to modify a sentence under § 3582(c)(2) if the defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (quotation omitted). Here the district court correctly concluded it lacked jurisdiction to lower Mr. Lawrence's sentence as a result of Amendments 706 and 715. He was not convicted of any crack-cocaine offense; therefore, his sentence was not "based on" a sentencing range that was lowered by these Amendments. *See United States v. Fontenot*, 583 F.3d 743, 744 (10th Cir. 2009) (Amendment 706 had no bearing on sentence based on revocation of supervised release); *Sharkey*, 543 F.3d at 1239 (Amendment 706 had no effect on sentence based on career-offender guidelines).

Mr. Lawrence also argues that the sentencing court erred in imposing his sentence, particularly with respect to its finding regarding the quantity of drugs attributable to him. The district court construed his contentions as raising constitutional claims of error under *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). Such claims are not cognizable under the limited jurisdiction granted in § 3582(c)(2). *See United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (holding "§ 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range"); *see also United States v. Torres-Aquino*, 334 F.3d 939, 941

(10th Cir. 2003) (district court had no jurisdiction under § 3582(c)(2) to reach question whether sentence was incorrectly imposed); *Smartt*, 129 F.3d at 543 (legal challenges related to original sentencing must be raised under 28 U.S.C. § 2255, rather than § 3582(c)). Therefore, the district court again correctly concluded it lacked jurisdiction to consider Mr. Lawrence's claims regarding the validity of his sentence.

The district court's order denying Mr. Lawrence's motion for lack of jurisdiction is AFFIRMED. His application to proceed in forma pauperis on appeal is DENIED.

Entered for the Court


Michael R. Murphy
Circuit Judge