FILED
United States Court of Appeals
Tenth Circuit

March 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESSE B. WILLIAMS,

      Defendant-Appellant.

No. 09-3339

(D.C. No. 6:00-CR-10131-JTM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Jesse Williams, currently serving an eighteen-month sentence in connection with the revocation of his term of supervised release, appeals from the district

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's denial of his pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In October 2000, Williams was indicted on one count of distributing crack cocaine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and one count of using a telephone to facilitate the distribution of crack cocaine, in violation of 21 U.S.C. § 843(b).  Williams ultimately pled guilty to both offenses and, in October 2001, was sentenced to a term of imprisonment of eighty-four months, to be followed by a four-year term of supervised release.

Williams completed his term of imprisonment in 2007 and began serving his term of supervised release.  In June 2009, the district court revoked Williams' supervised release due to Williams having violated the terms thereof, and sentenced Williams to a term of imprisonment of eighteen months.

On August 19, 2009, Williams filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to benefit from Amendment 706 to the United States Sentencing Guidelines.  Amendment 706, enacted by the United States Sentencing Commission in 2007, amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c), resulting in a 2-level reduction in base offense levels for crack cocaine-related offenses.  U.S.S.G. App. C, Amend. 706 (2007).

On August 27, 2009, the district court summarily denied Williams' motion.

In doing so, the district court stated:

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under 1B1.10. 1B1.10 does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release. 1B1.10 - Application Note 4(A).

Dist. Ct. Pleading 77 at 1.

On October 29, 2009, Williams filed a second pro se motion to reduce his sentence pursuant to § 3582(c)(2). The district court summarily denied the motion on November 5, 2009, for the reasons stated in its previous order. Williams filed a notice of appeal on November 19, 2009.

## II

Williams contends on appeal that the district court erred in refusing to grant his § 3582 motion. We review de novo the district court's legal conclusions regarding the scope of its authority in a resentencing proceeding under § 3582(c)(2). United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008).

Section 3582(c)(2) provides, in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The problem for Williams is that "Amendment 706 has no bearing on his current term of incarceration" because "that sentence is based on [Williams'] noncompliance with the terms of his supervised release, not on the drug quantity

3

table set forth in U.S.S.G. § 2D1.1(c)."  United States v. Fontenot, 583 F.3d 743,

744 (10th Cir. 2009).  "Moreover, a sentence reduction in this case is not

consistent with the relevant policy statement issued by the Sentencing

Commission, which clarifies that § 3582(c)(2) 'does not authorize a reduction in

the term of imprisonment imposed upon revocation of supervised release.'"  Id.

(quoting U.S.S.G. § 1B1.10, cmt. n. 4A).  Consequently, we conclude the district

court properly denied Williams' motion for a reduced sentence.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4