FILED
United States Court of Appeals
Tenth Circuit

April 25, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REYES TERRONES-LOPEZ,

Defendant-Appellant.

No. 13-6077
(D.C. No. 5:07-CR-00014-L-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Reyes Terrones-Lopez, appearing pro se,[1] appeals from the district court's

dismissal of his motion for sentence modification pursuant to 18 U.S.C.

---

[*] The parties have not requested oral argument. Having examined the briefs and appellate record, the panel concludes that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Terrones-Lopez is proceeding pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

§ 3582(c)(2).  Exercising our jurisdiction under 28 U.S.C. § 1291, we reject this challenge, deny Mr. Terrones-Lopez's request for *in forma pauperis* ("IFP") status, and affirm the judgment of the district court.

## I

In January 2007, a grand jury returned a ten-count indictment charging Mr. Terrones-Lopez with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.  Mr. Terrones-Lopez entered into a plea agreement with the government whereby he pleaded guilty to three of the indictment counts.  In turn, the government agreed to move for dismissal of the remaining charges.  For sentencing purposes, the parties stipulated to a base offense level of 32, which purported to "include[] all relevant conduct of [Mr. Terrones-Lopez] dealing in cocaine and marijuana."  Supp. R. at 14 (Plea Agreement, filed May 16, 2007).  The parties also stipulated to a two-level reduction under section 3E1.1(a) of the United States Sentencing Guidelines Manual ("U.S.S.G." or "the Guidelines") for Mr. Terrones-Lopez's acceptance of responsibility.  Insofar as Mr. Terrones-Lopez might qualify, the government agreed to move for an additional one-level adjustment provided by U.S.S.G. § 3E1.1(b).

Using the 2006 edition of the Guidelines, the United States Probation Office prepared a Presentence Investigation Report ("PSR").  Mr. Terrones-Lopez was held accountable for quantities of cocaine powder and marijuana totaling

2

4218.99 kilograms of marijuana equivalent, which produced a base offense level of 34.[2] The probation officer recommended a three-level reduction for acceptance of responsibility, pursuant to §§ 3E1.1(a) and 3E1.1(b), yielding a total offense level of 31. Combining this value with Mr. Terrones-Lopez's criminal history category of I, the PSR computed an advisory Guidelines range of 108 to 135 months' imprisonment.

Mr. Terrones-Lopez objected to the PSR, claiming that its computations ran afoul of the parties' offense-level stipulation. At sentencing, the government requested a base offense level of 32 and moved for the § 3E1.1(b) adjustment. The district court sustained Mr. Terrones-Lopez's objections to the PSR and sentenced him to a term of 108 months for each of the three counts, set to run concurrently.

On January 23, 2013, pursuant to 18 U.S.C. § 3582(c)(2), Mr. Terrones-Lopez filed a motion for sentence modification based on several amendments to the Guidelines and the Fair Sentencing Act of 2010 ("FSA"). The district court dismissed Mr. Terrones-Lopez's motion for lack of jurisdiction because (1) his offenses did not involve crack cocaine; (2) neither the FSA nor any of the cited amendments applied to his case; and (3) his sentence was not based on a

---

[2] This base offense level was determined solely with reference to amounts of cocaine *powder* and marijuana, despite some speculation by law enforcement that Mr. Terrones-Lopez had trafficked in other drugs.

3

sentencing range subsequently lowered by the United States Sentencing Commission.

After filing his notice of appeal, Mr. Terrones-Lopez sought the district court's leave to proceed IFP. The district court denied his request for failure to "show[] the existence of a reasoned, nonfrivolous argument." *United States v. Terrones-Lopez*, Dist. Ct. No. 5:07-CR-00014-L-1, Doc. 99, at 1–2 (Order, filed Apr. 17, 2013). Thereafter, Mr. Terrones-Lopez filed a motion for IFP status that is pending before this panel.

## II

### A

We review the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). However, we review de novo the district court's interpretation of a statute or the Guidelines. *See United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

Under § 3582(c)(2), a district court may modify a defendant's sentence when the applicable advisory Guidelines range has been subsequently lowered by the Sentencing Commission. *See United States v. Price*, 438 F.3d 1005, 1006–07 (10th Cir. 2006); *see also United States v. McGee*, 615 F.3d 1287, 1291 (10th Cir. 2010) (noting that § 3582(c) "does not authorize a sentencing or resentencing

4

proceeding," but only modification when the Sentencing Commission has expressly allowed it (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010)) (internal quotation marks omitted)). By the terms of the statute, any such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2)—i.e., those listed in U.S.S.G. § 1B1.10, *see McGee*, 615 F.3d at 1290. "The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before [second,] it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826; *accord McGee*, 615 F.3d at 1292.

**B**

Mr. Terrones-Lopez contends that the district court improperly refused to grant relief under § 3582(c)(2) because (1) Amendment 706, (2) the combined effect of the FSA and Amendment 750, and (3) Amendment 759 entitle him to a sentence reduction. We address his arguments in turn and reject them.

**1**

"The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine." *Sharkey*, 543 F.3d at 1237; *see* U.S.S.G. app. C supp., amend. 706, at 225 (Nov. 1, 2008) ("Crack cocaine offenses . . . are adjusted downward by two levels."). Providing no support for *his* interpretation of the amendment, Mr. Terrones-Lopez

5

suggests that Amendment 706[3] operates to lower the base offense level for "other controlled substances. Not just crack cocaine." Aplt. Opening Br. at 4 (internal quotation marks omitted). But he is mistaken on this score, and we conclude that the district court correctly explained why Mr. Terrones-Lopez cannot avail himself of Amendment 706.

A sentencing court's first task under the framework of *Dillon* is to "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." 560 U.S. at 827. Attendant to this responsibility, the district court referenced a memorandum prepared by the Probation Office which stated that "it does not appear that the defendant possessed, used, or distributed crack cocaine at any time during the course of the conspiracy, and the drug was not used to calculate the defendant's applicable guideline range." R., Vol. I, at 151 (Order, filed Mar. 11, 2013) (brackets omitted). Adopting and incorporating these findings, the district court reasoned that

> [s]ince crack cocaine was not included in [the] defendant's guideline calculations, the Fair Sentencing Act and the above-referenced crack cocaine amendments to the Sentencing Guidelines are inapplicable to [the] defendant's case. As the facts establish that [the] defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this court has no jurisdiction to consider a reduction of [the] defendant's sentence under § 3582.

*Id.* We discern no error in this explanation.

---

[3] Amendment 706 has been given retroactive effect. U.S.S.G. app. C supp., amend. 713, at 247–48 (Nov. 1, 2008).

As the district court sagely observed, relief under § 3582(c)(2) is available *only* if a defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" by way of amending the Guidelines. *Id.*; *accord United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996). Clearly, absent a nexus between the sentence and the amendment upon which the defendant relies, § 3582(c)(2) lends no succor. *Cf. United States v. Fontenot*, 583 F.3d 743, 744 (10th Cir. 2009) (observing that there was no ground for § 3582(c)(2) relief based on Amendment 706 in supervised-release context); *Sharkey*, 543 F.3d at 1239 (providing for the same result in career-offender context).

And thus Mr. Terrones-Lopez, whose sentence stemmed exclusively from marijuana and *powder*-cocaine convictions, cannot demonstrate this nexus. *See* PSR, ¶ 17, at 7 (noting, with respect to cocaine charges, that "[t]he defendant is only held accountable for distributing . . . cocaine *powder*" (emphasis added)). Amendment 706 does not speak to Mr. Terrones-Lopez's offense conduct and consequently cannot have effectively lowered his advisory Guidelines range. *Cf. United States v. Lawrence*, 363 F. App'x 579, 581 (10th Cir. 2010) ("[The defendant] was not convicted of any crack-cocaine offense; therefore, his sentence was not 'based on' a sentencing range that was lowered by these Amendments.").

7

Having determined that a reduction of Mr. Terrones-Lopez's sentence would not comport with policy statements issued by the Sentencing Commission, the district court could go no further—*viz.*, it was not authorized to assess whether any § 3553(a) factors supported a sentence reduction. *See Dillon*, 560 U.S. at 826. Indeed, "[t]he applicable policy statements [were] binding on the district court" and limited its prerogative to grant the § 3582(c)(2) motion. *United States v. Darton*, 595 F.3d 1191, 1194 (10th Cir. 2010). The court was therefore correct to dismiss Mr. Terrones-Lopez's motion on this basis for lack of jurisdiction.

**2**

Mr. Terrones-Lopez next claims that his sentence should be reduced in light of the interplay between the FSA and Amendment 750. "The FSA reduced the disparity in sentencing between crack cocaine and powder cocaine offenses, and increased the threshold quantity of crack cocaine required to prompt a mandatory minimum sentence." *United States v. Graham*, 704 F.3d 1275, 1276 (10th Cir. 2013) (internal quotation marks omitted); *see generally* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372. Only defendants sentenced after August 3, 2010 benefit from the FSA. *See Osborn*, 679 F.3d at 1194 n.1. However, Amendment 750—which "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory

8

minimums effectuated by the FSA"—can be applied retroactively. *Id.* at 1194

(internal quotation marks omitted).

None of the foregoing is of any moment here, though, because the FSA and

Amendment 750 both unmistakably impact only *crack-cocaine-related* sentences.

*See Graham*, 704 F.3d at 1276. Accordingly, our analysis stops here: Mr.

Terrones-Lopez's sentence does not fit this bill; it thus was not "based on" a

sentencing range that was lowered by the combined regime of Amendment 750

and the FSA. He is therefore not entitled to sentence modification on these

grounds.

**3**

Finally, Mr. Terrones-Lopez asserts that he should receive a sentence

reduction based on Amendment 759, which revised the language of

§ 1B1.10(b)(2)(B). That Guideline now states:

> Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing *pursuant to a government motion to reflect the defendant's substantial assistance to authorities*, a reduction comparably less than the amended guideline range . . . may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added); *see id.* app. C, Vol. III, amend.

759, at 416 (Nov. 1, 2011). Amendment 759 also made Amendment 750

retroactive. *See United States v. Boyd*, 721 F.3d 1259, 1261 (10th Cir.), *cert.*

*denied*, --- U.S. ----, 134 S. Ct. 630 (2013).

Given our conclusion that Mr. Terrones-Lopez fails to qualify for a sentence reduction based on Amendment 750, it stands to reason that his Amendment-759 argument is legally infirm. In other words, Amendment 759 provides no independent basis for the relief he seeks. The Eleventh Circuit has persuasively explained that "Amendment 759 . . . does not permit a court to reduce a defendant's sentence based on a guidelines amendment that does not lower his guidelines range," and that it applies "if and only if [a] retroactive amendment *actually lowers* the defendant's guidelines range." *United States v. Glover*, 686 F.3d 1203, 1207–08 (11th Cir. 2012) (emphasis added). Applying the same logic here, we conclude that because Amendment 750 did *not* impact Mr. Terrones-Lopez's sentence, Amendment 759 is therefore similarly inapposite.

Even so, Mr. Terrones-Lopez maintains that he *can* avail himself of the substantial-assistance exception because he was "debriefed" by government agents and has been the target of threats. *See* Aplt. Opening Br. Ex. 1, at 10. But he offers no evidence or case law to support this theory—and, critically, he plainly falls outside the ambit of Amendment 759 because the government never filed a "motion to reflect [his] substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). To the contrary, the government definitively stated that Mr. Terrones-Lopez "ha[d] not provided substantial assistance to the Government." R., Vol. II, at 69 (Resp. to Def.'s Mot., filed July 9, 2012). The district court acknowledged this point in a subsequent order, noting:

10

It is apparent from the government's response that it . . . has evaluated [the] defendant's proffered information in order to determine whether a motion for substantial assistance is appropriate. The government's conclusion, which it has the sole discretionary authority to make, has consistently been that a motion for reduction of [the] defendant's sentence is not warranted [on this basis].

*Id.*, Vol. I, at 88–89 (Order, filed Aug. 28, 2012). We will not disturb the sound judgment of the district court.

### III

To qualify for IFP status, Mr. Terrones-Lopez must "demonstrate . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted). Instead, he repackages contentions already properly rejected by the district court. Mr. Terrones-Lopez was not permitted to proceed IFP by the district court; he fares no better here.

### IV

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Terrones-Lopez's motion for sentence modification and **DENY** his motion for IFP status.

Entered for the Court


JEROME A. HOLMES
Circuit Judge

11