**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAROLD GLEN CLAYTON, a/k/a
Harold Clayton,

    Defendant - Appellant.

No. 16-7027
(D.C. No. 6:98-CR-00025-FHS-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    Defendant Harold Glen Clayton, proceeding pro se, appeals from the district

court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).

Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the order denying the motion

and remand to the district court with instructions to enter an order dismissing the motion

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

for lack of jurisdiction. We also deny Mr. Clayton's request to proceed *in forma pauperis*.

## I. **BACKGROUND**

Mr. Clayton pled guilty to (1) conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, (2) conspiracy to launder money in violation of 18 U.S.C. § 1956(h), and (3) unlawful removal of vehicle identification numbers in violation of 18 U.S.C. § 511(a). *United States v. Clayton*, 201 F.3d 449, 1999 WL 1079627, at *1 (10th Cir. Nov. 30, 1999) (unpublished table opinion) ("*Clayton I*"). His base offense level of 40 and criminal history category of II resulted in a United States Sentencing Guidelines range of 324 to 405 months. In 1999, the district court sentenced Mr. Clayton to 324 months in prison on the drug conspiracy count, 60 months on the vehicle-identification count, and 240 months on the money laundering conspiracy count, all to run concurrently. *See United States v. Clayton*, 92 F. App'x 703, 704 (10th Cir. 2004) (unpublished) ("*Clayton III*"). We affirmed Mr. Clayton's conviction on direct appeal. *Clayton I*, 201 F.3d 449.

Mr. Clayton subsequently filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, arguing his counsel rendered ineffective assistance and his indictment did not include a drug quantity amount, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Clayton*, 46 F. Appx. 954, 955 (10th Cir. 2002) (unpublished) ("*Clayton II*"). Under *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." 530 U.S. at 490. The district court denied the motion, and we affirmed. *Clayton II*, 46 F. App'x at 955.

Mr. Clayton next filed an 18 U.S.C. § 3582(c)(2) motion to modify his 324-month sentence for drug conspiracy, arguing Amendment 613 to the United States Sentencing Guidelines reduced the sentencing range applicable to his term of imprisonment. *Clayton III*, 92 F. App'x at 704. The district court denied Mr. Clayton's claim. *See id.* We affirmed because Amendment 613 did not authorize a reduction in his sentence under § 3582(c)(2). *Id.* at 705-06. We also rejected Mr. Clayton's *Apprendi* argument. *Id.*

Following a second unsuccessful § 2255 petition to this court, Mr. Clayton filed the instant § 3582(c)(2) motion to modify his sentence based on Amendment 782 to the Guidelines, contending the amendment lowered the sentencing guideline range for his drug conspiracy conviction. The district court denied the motion, and Mr. Clayton appealed.

## II.  DISCUSSION

The government challenges the timeliness of Mr. Clayton's appeal, noting he has not provided documentation of compliance with the prison mailbox rule. From the papers before us, we agree that Mr. Clayton has not met his burden to show compliance with the mailbox rule, *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (explaining that the prisoner has the burden to show compliance with the prison mailbox rule), a

nonjurisdictional defect.[1]  Rather than order Mr. Clayton to show cause why his notice of appeal was not untimely, we instead remand to the district court to vacate this matter for lack of jurisdiction to hear Mr. Clayton's motion for a sentence reduction under § 3582(c)(2).

Amendment 782 retroactively reduces by two levels many of the base offense levels for drug offenses.  U.S. Sentencing Guidelines Manual app. C supp., amend. 782 (U.S. Sentencing Comm'n 2015).  But the district court concluded Amendment 782 did not reduce "the total offense level applicable to the quantity of methamphetamine involved in this case (84.52 kilograms)."  Dist. Ct. Doc. 144 at 1.

On appeal, Mr. Clayton does not argue Amendment 782 applies to reduce his sentence.  Instead, he argues the sentencing court erred in 1999 under *Apprendi* by failing to submit facts to the jury that served as a basis for his offense level, including the drug quantity.  He further argues the district court perpetuated the error by relying on this offense level when it denied his § 3582(c)(2) motion.  He therefore urges us to revisit his initial sentence to determine whether it violates *Apprendi*.

Mr. Clayton did not raise his *Apprendi* argument to the district court, forfeiting his ability to do so now.  *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014) ("[I]f the theory simply wasn't raised before the district court, we usually hold it forfeited." (quotations omitted)).  But even if we were to address the issue, § 3582(c)(2)

---

[1] *See United States v. Garduño*, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (time limit for filing a notice of appeal in a criminal case is not jurisdictional under Fed. R. App. P. 4(b)(1)(A)).

does not grant district court's jurisdiction to consider whether a sentence was incorrectly imposed. *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003); *United States v. Golden*, No. 16-7012, 2016 WL 4258839, at *1 (10th Cir. Aug. 11, 2016) (unpublished); *United States v. Fisher*, No. 15-5100, 2016 WL 4064140, at *2 (10th Cir. July 28, 2016) (unpublished); *United States v. Lawrence*, 363 F. App'x 579, 581 (10th Cir. 2010) (unpublished).[2] Mr. Clayton therefore cannot raise his *Apprendi* argument through a § 3582(c)(2) motion. Please also note we rejected Mr. Clayton's *Apprendi* argument in *Clayton II* and *Clayton III*.[3]

## III. **CONCLUSION**

The district court properly concluded it lacked authority to reduce Mr. Clayton's sentence under § 3582(c)(2). Rather than deny his motion for a sentence reduction, however, the court should have dismissed it. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). Accordingly, we vacate the district court's order denying Mr. Clayton's motion, remand with instructions to enter an order of dismissal for lack of

---

[2] We cite these unpublished decisions for their persuasive value. *See* 10th Cir. R. 32.1(A).

[3] *See Clayton II*, 46 F. App'x at 955 (concluding Mr. Clayton's *Apprendi* claim was barred, in part, under *United States v. Mora*, 293 F.3d 1213, 1218-19 (10th Cir. 2002), which held that *Apprendi* is not retroactively applicable to habeas cases on collateral review); *see also Clayton III*, 92 F. App'x at 705-06 (noting we and the district court had previously rejected Mr. Clayton's *Apprendi* argument, Mr. Clayton's own pleading admitted an agreement of 185.5 pounds of methamphetamine for sentencing purposes, and "Mr. Clayton improperly brought his *Apprendi* claim under § 3582(c)(2)").

jurisdiction, and deny his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge